IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TI GROUP AUTOMOTIVE SYSTEMS, LLC | § § § | |
| | § | CIVIL ACTION NO. 7:24-CV-00141 |
| VS. | § § | |
| LUIS E ALVARADO | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

TI GROUP AUTOMOTIVE SYSTEMS, LLC, Plaintiff, files this Third Amended Complaint complaining of LUIS E. ALVARADO aka Luis Enrique Alvarado Chio, Defendant.

## PARTIES AND JURISDICTION

1.      Plaintiff TI Group Automotive Systems, LLC ("TI Group") is a Delaware limited liability company with its principal place of business in Michigan.  TI Group Automotive Systems, LLC's sole member is TI Automotive, LLC, a Delaware limited liability company with its principal place of business in Michigan.  TI Automotive, LLC's sole shareholder is TI Automotive USA Holdings Limited, a private limited U.K. company incorporated under the laws of England and Wales with its principal place of business in Oxford, England.  Therefore, Plaintiff is a citizen of the U.K.1.

_____

1 For diversity purposes, the citizenship of an LLC is determined by the citizenship of its members.  *Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024). TI Automotive USA Holdings Limited's sole shareholder is TI Automotive Limited, a U.K. company incorporated under the laws of England and Wales with its principal place of business in Oxford, England.  TI Automotive Limited's sole shareholder is TIFS Holdings Limited, a U.K. company incorporated under the laws of England and Wales with its principal place of business in Oxford, England. TIFS Holdings Limited's sole shareholder is Omega Acquisition Bidco Limited, a U.K. company incorporated under the laws of England and Wales with its principal place of business in Oxford, England.  Omega Acquisition Bidco Limited's sole shareholder is TI Fluid Systems plc, a U.K. company incorporated under the laws of England and Wales with its principal place of business in Oxford, England and is publicly traded on the London Stock Exchange.

2.	Defendant Luis Enrique Alvarado is a citizen of Texas and Mexico and is domiciled in Texas.  Defendant has appeared.

3.	Diversity jurisdiction in the Court exists pursuant to 28 U.S.C. §1332(a)(1) and (a)(2) as the action is between a citizen of a state and citizen of a foreign state and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4.	Venue is appropriate under 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claims occurred in this judicial district and the agreement at issue vests exclusive jurisdiction and venue in Hidalgo County, Texas.

### FACTS

5.	From 1996 to August 9, 2011, Defendant was employed as plant manager and compensated under Mexico law by TI Group Automotive Systems, S. de R.L. de C.V. ("TI Mexico"), a Mexican subsidiary of Plaintiff and lived and worked in Reynosa, Mexico.  Thereafter, Defendant was employed by Plaintiff under U.S. law and lived in Texas while first becoming a permanent resident in the U.S. and then a U.S. citizen.

6.	When employed by Plaintiff, and in return for receiving different and greater U.S.-based compensation and benefits than those provided by Mexican law, in August 2011, Defendant executed a number of employment documents, including an Employee Selection of Laws, Exclusive Remedy, Indemnity Agreement and Waiver ("SRIW") with Plaintiff by which Defendant became employed and on the U.S. payroll of Plaintiff in the United States and released and waived all rights to Mexican labor benefits.  True and correct copies of the SRIW, transfer to US payroll and repayment agreement are attached as Exhibit A-1.

7.	While on page one of the SRIW the employer's handwritten name is shortened to "TI

2

Automotive" and "TI Automotive Systems, LLC", Plaintiff's legal name is TI Group Automotive Systems, LLC, and Defendant filled out various employment related benefits paperwork reflecting Plaintiff was Defendant's employer.  Defendant's W-2s reflect the Employer as "TI Automotive" which is a trade name used by Plaintiff and its affiliates, but whose EIN is that of Plaintiff, some of which are attached hereto as Exhibit A-2.  Copies of Defendant's application for obtaining health insurance reflecting Plaintiff TI Group Automotive Systems, LLC as the named employer are attached as Exhibit A-3.  After the parties entered into the SRIW and associated employment-related documents, Plaintiff paid Defendant handsomely and provided him with substantial U.S.-based benefits which he would not otherwise received, including U.S. healthcare, medical and dental insurance.  Additionally, Plaintiff contributed more than $75,000.00 to Defendant's U.S.-based 401(k) account and paid him more than $450,000.00 in U.S.-based employee bonuses. Plaintiff also sponsored Defendant for permanent residency in the U.S.

8.      In November 2018, Defendant was assigned to a job in Morocco but remained employed by Plaintiff and paid under U.S. law.  However, on or about July 16, 2019, Defendant's assignment and employment duties with Plaintiff ended.  In conformity with the SRIW, Plaintiff paid Defendant a lump sum severance payment of $87,675.04 minus applicable taxes, as well as six months of insurance coverage under COBRA and outplacement counseling. Defendant accepted such monies and benefits.  An unsigned copy of the letter is attached as Exhibit A-4.

9.      Despite entering into the SRIW and receiving the substantial benefits thereunder, Defendant filed a labor lawsuit in Mexico against Plaintiff and others seeking to recover labor benefits under Mexican law.  Based on the claims stated in his Mexican labor case, Defendant seeks millions of dollars in addition to the money he has been paid by Plaintiff in the U.S.  An English translation and copy of such Mexico lawsuit is attached as Exhibit A-5.

Case 7:24-cv-00141    Document 54    Filed 02/03/25 in TXSD    Page 4 of 8

## SPECIFIC PERFORMANCE/INDEMNIFICATION

10.     Plaintiff incorporates by reference paragraphs 5 through 9 as though fully set forth herein. The parties entered into the SRIW, an enforceable contact, and Plaintiff has fully complied with same.  Plaintiff seeks to enforce the Employee Selection of Laws, Exclusive Remedy, Indemnity Agreement and Waiver (SRIW), including an order compelling Defendant comply with SRIW and to dismiss his labor suit in Mexico per paragraphs 1-3 and 6 of the SRIW.  Additionally, Plaintiff seeks to have Defendant ordered to remit to it all sums awarded and paid to him in such labor suit plus indemnify Plaintiff per paragraphs 3-5 of the SRIW.  Defendant was hired in Texas, and the terms of his employment are governed by Texas law.

## BREACH OF CONTRACT

11.     Plaintiff incorporates by reference paragraphs 5 through 9 as though fully set forth herein. Alternatively and in addition, Plaintiff sues Defendant for breach of contract.  Plaintiff entered into the SRIW with Defendant, and while Plaintiff complied with such contract and relied upon it, Defendant has breached paragraphs 2-3 the SRIW by filing the labor claim in Mexico, which has caused damages to Plaintiff.  Plaintiff made demand that Defendant comply with the SRIW but Defendant has failed and refused to cease pursuing the Mexico labor claim.  A contract with similar language as the SRIW has been enforced by the Fifth Circuit Court of Appeals.  *See, e.g., 3D/Int'l, Inc. v. Romano*, 811 F. App'x 244, 248 (5th Cir. 2020).

12.     Alternatively, in the unlikely event Plaintiff were determined not to be the employer under the SRIW, Plaintiff is a third-party beneficiary of the SRIW and is entitled to enforce the terms of the SRIW, as it is being sued by Defendant in Mexico despite relying upon the releases and language of the SRIW and paying Defendant as an employee under U.S. law. Accordingly, Plaintiff seeks to enforce the SRIW and recover its damages for such breach, including attorney's

4

fees.

## REFORMATION/MISNOMER

13.    Plaintiff incorporates by reference paragraphs 5 through 9 as though fully set forth herein. The SRIW does not fully set forth the complete legal name of Plaintiff. Rather, it was filled in to reflect the name of employer is "TI Automotive Systems, LLC" rather than the full name of Plaintiff, namely "TI Group Automotive Systems, LLC".  However, such misnomer does not preclude enforcement of the SRIW.

14.    Plaintiff employed Defendant under U.S. law based on his execution of the SRIW, and Defendant accepted his enhanced salary and benefits under U.S. law for many years on the basis of the SRIW.   To the extent the SRIW requires reformation to reflect the legal name of Plaintiff, Plaintiff requests the Court reform the SRIW to reflect the full name of employer is that of "TI Group Automotive Systems, LLC".

## DECLARATORY JUDGMENT

15.    Plaintiff incorporates by reference paragraphs 5 through 9 as though fully set forth herein. Pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. §2201 *et seq.*, Plaintiff requests the Court to declare the rights, status and liabilities of the Parties pursuant to the Employee Selection of Laws, Exclusive Remedy, Indemnity Agreement and Waiver (SRIW); namely that Defendant was employed by Plaintiff, or alternatively that Plaintiff is a third-party beneficiary of the SRIW and entitled to enforce same; that Defendant accepted the benefits under the SRIW and must comply with the SRIW; that Defendant has breached the SRIW by filing his Mexico labor case and is precluded from seeking additional sums of money in Mexico from Plaintiff; and that should Defendant continue to prosecute his labor suit in Mexico and be awarded judgment in his favor, he shall be required to remit any and all sums awarded to him in such labor suit plus costs and fees

to Plaintiff.   Further, Plaintiff is entitled to an offset or credit for any sums awarded to Defendant in Mexico and in order to even pursue same must first pay all monies and benefits not in conformity with Mexican law back to Plaintiff.

### PROMISSORY ESTOPPEL, QUASI ESTOPPEL AND UNJUST ENRICHMENT

16.    Plaintiff incorporates paragraphs 5 through 9 as though fully set forth herein.  Additionally and in the alternative, Defendant made promises to Plaintiff in the SRIW that he would not seek to recover labor benefits in Mexico.  Plaintiff reasonably and substantially relied upon Defendants' promises and compensated Defendant under U.S. law under the express agreement that such were the sole compensation and benefits to be provided to Defendant.   Plaintiff's reliance upon the SRIW was foreseeable by Defendant and injustice can be avoided only by enforcing Defendant's promises that he would not seek to recover labor benefits in Mexico.  Defendant is estopped to seek labor benefits in Mexico and to avoid the enforcement of the SRIW.  It would be unconscionable to allow Defendant to maintain his present position in the Mexican labor suit, wherein he seeks double compensation; that is, he seeks additional employment benefits under Mexican law, which benefits have already been provided and accepted in various forms in the U.S. Accordingly, Defendant is precluded from seeking such Mexico labor benefits.

### ATTORNEY'S FEES

17.    Plaintiff incorporates by reference paragraphs 5 through 9 as though fully set forth herein. Defendant's action has made it necessary for Plaintiff to employ the undersigned attorneys to file suit and enforce the SRIW.  Plaintiff agreed to pay a reasonable fee for legal services rendered and to be rendered and the SRIW provides for the recovery of costs under its indemnity provision, for which Plaintiff sue to recover its fees. Plaintiff is entitled to recover from Defendant its reasonable and necessary attorneys' fees and costs pursuant to Tex. Civ. Prac. & Rem. Code §37.009 and

§38.001 *et. seq.*

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests it recover of and from

Defendant:

1.   An order compelling Defendant to specifically comply with the Employee Selection of Laws, Exclusive Remedy, Indemnity Agreement and Waiver and to immediately dismiss his labor lawsuit in Mexico;

2.   A declaratory judgment issue as requested above in favor of Plaintiff and reforming the SRIW to reflect Plaintiff is the employer under such SRIW;

3.   Judgment against Defendant in an amount within the jurisdictional amount of this court;

4.   Attorney's fees;

5.   Prejudgment and post-judgment interest as allowed by law;

6.   Costs of suit; and

7.   Such other and further relief to which Plaintiff may be justly entitled to receive.

DATED: FEBRUARY 3, 2025.

Respectfully submitted,

By:      /s/ *Jeffrey Hiller*
JEFFREY A. HILLER
State Bar No. 00790883
S.D. Tex. No. 23334
jhiller@ccn-law.com
OF COUNSEL CACHEAUX, CAVAZOS &
NEWTON, L.L.P.
333 Convent Street
San Antonio, Texas 78205
Telephone:  210/244-0202
Facsimile:  210/222-2453
ATTORNEY IN CHARGE FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2025, a true and correct copy of the above and foregoing instrument was delivered to all counsel pursuant to the ECF/CM system

/s/ Jeffrey Hiller

Jeffrey Hiller