IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TI GROUP AUTOMOTIVE SYSTEMS, LLC | § § § | CIVIL ACTION NO. 7:24-CV-00141 |
| VS. | § § § | |
| LUIS E ALVARADO | § § | |

**DEFENDANT LUIS ALVARADO'S BRIEF
REGARDING ENFORCEMENT OF CONTRACT
BY SPECIFIC PERFORMANCE AND CONTEMPT**

NOW COMES, Defendant Luis Alvarado and files this his Brief regarding enforcement of contract by specific performance and contempt and would show unto the court as follows:

**I.**

The procedural posture of the instant lawsuit prohibits the Court from granting Plaintiff TI Group Automotive Systems, LLC's requests for anti-suit injunctive relief, i.e. specific performance under the terms of the SRIW contract and enforcing such specific performance via contempt.  Thermo Fisher Sci. Inc. v. Ducharme, No. CV M-08-9, 2008 WL 11399557, at *6 (S.D. Tex. Sept. 30, 2008).

This is because there is no case law in the Fifth Circuit where a federal court has enjoined a party from proceeding with a foreign suit that was initiated **before** the U.S. lawsuit. Id.

For example, in Thermo Fisher Sci. Inc. v. Ducharme, this court held,

"*the Court is aware of no case in this Circuit in which a federal court has enjoined a party from proceeding with a foreign suit that was initiated **before** the U.S. lawsuit. [citations omitted].  It is undisputed that Ducharme initiated his Mexican employment claim several months before the Plaintiffs filed this suit. This militates against issuing an anti-suit injunction in this matter.*" Id.

The same is true in the instant case, Luis Alvarado filed his Mexican Labor lawsuit on **September 11, 2019,** long before the instant lawsuit was filed by Plaintiff TI Group Automotive Systems, LLC on **April 5, 2024**.  See ECF 1; ECF 54-1, p.23.

**II.**

Further, the chief Fifth Circuit cases relied upon and cited by Plaintiff TI Group Automotive Systems, LLC in its brief, Kaepa v. Achilles, 76 F.3d 624, 627 (5th Cir. 1996) and Ganpat v. Eastern Pacific, 66 F.4th 578 (5th Cir. 2023) involved foreign suits filed **after** the U.S. litigation commenced and are thus inapplicable here.   In Kaepa, Inc. v. Achilles Corp., the Fifth Circuit found,

"*the dispute has been long and firmly ensconced within the confines of the United States judicial system: Achilles consented to jurisdiction in Texas; stipulated that Texas law and the English language would govern any dispute; appeared in an action brought in Texas; removed that action to a federal court in Texas; engaged in extensive discovery pursuant to the directives of the federal court; **and only then, with the federal action moving steadily toward trial, brought identical claims in Japan**. Under these circumstances, we cannot conclude that the district court's grant of an antisuit injunction in any way trampled on notions of comity*".  Kaepa, Inc., 76 F.3d at 627.

In Ganpat v. E. Pac. Shipping PTE, Ltd the Court found,

"*In **December 2018,** Ganpat brought suit against Eastern Pacific in the Eastern District of Louisiana, alleging tort claims under the Jones Act and general maritime law, as well as contract claims arising from a collective bargaining agreement….Ganpat thus did not perfect service on the company until August 2021.  **In March 2020**—after Ganpat brought his complaint and Eastern Pacific consented to federal court jurisdiction, but before Ganpat perfected service—Eastern Pacific sued Ganpat in Goa, India. In the Indian suit, Eastern Pacific sought an anti-suit injunction to prevent Ganpat from litigating in American court*." Ganpat, 66 F.4th at 580–581.

The same is true of Plaintiff's reliance upon Commercializadora Portimex, S.A. de CV v. Zen-Noh Grain Corp., 373 F. Supp. 2d 645, 648 (E.D. La. 2005).  The Portimex, case involves a foreign suit filed **after** the U.S. litigation commenced.  Id.

Thus, Plaintiff provides no case law that addresses the procedural posture at issue here and this court's holding in Thermo Fisher Sci. Inc. v. Ducharme, must prevail. Thermo Fisher Sci. Inc,

2008 WL 11399557, at *6.  Plaintiff TI Group Automotive Systems, LLC should not be granted anti-suit injunctive relief. Id.

**III.**

Even if we apply the case law that is inapplicable as shown above, the relief requested by Plaintiff TI Group Automotive Systems, LLC cannot be provided by the Court.   Plaintiff urges the application of the following anti suit injunction analysis, "federal courts first must determine whether two threshold requirements are met: (1) the parties must be substantially the same in both matters; and (2) the resolution of the case before the enjoining court must be dispositive of the action to be enjoined."  Rancho Holdings, LLC v. Manzanillo Associates, Ltd., No. 4:10-CV-00997-JTM, 2013 WL 6055223, at *3 (W.D. Mo. Nov. 14, 2013).

Plaintiff cannot establish the first element stated above, that "the parties must be substantially the same in both matters". Id.  The parties to the instant litigation and the Mexican litigation are not substantially the same.  In the instant lawsuit, there are only two parties, Plaintiff and Defendant.  Luis Alvarado's Mexican labor lawsuit involves over 25 defendant parties, they are as follows:

(1) TI GROUP AUTOMOTIVE SYSTEMS L.L.C., OR TI AUTOMOTIVE SYSTEMS L.L.C. OR TI FLUID SYSTEMS,

(2) TI FLUID SYSTEMS PLC.,

(3)  TI GROUP AUTOMOTIVE SYSTEMS LTD,

(4) TI GROUP AUTOMOTIVE SYSTEMS LTD,

(5) ALUNOSA S. DE R.L. DE C.V. y/o ALUNOSA S.A. DE C.V.

(6). TI GROUP AUTOMOTIVE SYSTEMS, S. DE R.L. DE C.V

(7) TI AUTOMOTIVE REYNOSA, S. DE R.L DE C.V.

3

(8). TI AUTOMOTIVE THERMAL MORROCO SARL AU,

(9). TI FLUID SYSTEMS,

(10). TI GROUP THERMAL PRODUCTS,

(11). THERMAL MARRUECOS,

(12).  THERMAL PRODUCTS,

(13). TI FLUID SYSTEMS AND/OR FLUID CARRYING SYSTEMS,

(14). TI AUTOMOTIVE

(15). TI AUTOMOTIVE (AUBURN HILLS MICHIGAN)

(16). TI FLUID SYSTEMS (TANGER MORROCO

(17). TI GROUP AUTOMOTIVE SYSTEMS TAUSTE, SPAIN

(18).  WILLIAM LAWRENCE KOYRA,

(19).  STEFAN RAU,

(20). TIMOTHY JAMES KNUTSON,

(21). DOMENICO MILICIA,

(22). MATTEW OR MATT PAROLY,

(23). ANDREW RIDGWAY,

(24).  OSCAR BERECEDO,

(25) JOSE ANTONIO GARCIA,

(26).  The MEXICAN INSTITUTE OF SOCIAL INSURANCE, NATIONAL HOUSING FUND INSTITUTE FOR WORKERS.  See ECF 54-1, p. 14-15.

Thus, the undisputed evidence establishes that the parties to the instant litigation and the parties to the Mexican labor lawsuit are not substantially the same.  See ECF 54-1, p. 14-15.

Further, Plaintiff cannot establish the second element stated above, that "the resolution of the case before the enjoining court must be dispositive of the action to be enjoined".   If the Court were to order specific performance requiring the dismissal of Luis Alvarado's Mexican labor suit against Plaintiff TI Group Automotive Systems, LLC, such an order would not resolve Luis Alvarado's  Mexican labor claims against the remaining defendants in the Mexican lawsuit, TI AUTOMOTIVE SYSTEMS L.L.C. OR TI FLUID SYSTEMS; TI FLUID SYSTEMS PLC.; TI GROUP AUTOMOTIVE SYSTEMS LTD; TI GROUP AUTOMOTIVE SYSTEMS LTD; ALUNOSA S. DE R.L. DE C.V. y/o ALUNOSA S.A. DE C.V.; TI GROUP AUTOMOTIVE SYSTEMS, S. DE R.L. DE C.V; TI AUTOMOTIVE REYNOSA, S. DE R.L DE C.V.; TI AUTOMOTIVE THERMAL MORROCO SARL AU; TI FLUID SYSTEMS; TI GROUP THERMAL PRODUCTS,; THERMAL MARRUECOS; THERMAL PRODUCTS,; TI FLUID SYSTEMS AND/OR FLUID CARRYING SYSTEMS; TI AUTOMOTIVE; TI AUTOMOTIVE (AUBURN HILLS MICHIGAN); TI FLUID SYSTEMS (TANGER MORROCO; TI GROUP AUTOMOTIVE SYSTEMS TAUSTE, SPAIN; WILLIAM LAWRENCE KOYRA; STEFAN RAU; TIMOTHY JAMES KNUTSON,; DOMENICO MILICIA; MATTEW OR MATT PAROLY; ANDREW RIDGWAY; OSCAR BERECEDO; JOSE ANTONIO GARCIA; The MEXICAN INSTITUTE OF SOCIAL INSURANCE, NATIONAL HOUSING FUND INSTITUTE FOR WORKERS.

With the exception of Luis Alvarado's claims against Plaintiff TI Group Automotive Systems, LLC, the court has no jurisdiction over Luis Alvarado's claims against the other parties to the Mexican litigation listed above.  See ECF 54-1, p. 14-15.  A judgment is binding only upon the parties thereto and their privies.  Livezey v. Putnam Supply Co., 30 S.W.2d 902, 903 (Tex. App.—Eastland 1930, writ ref'd).  The court has no evidence before it that all of the above listed

parties to the Mexican lawsuit (excluding Plaintiff TI Group Automotive Systems, LLC) are parties in privity with Plaintiff TI Group Automotive Systems, LLC.

Thus, Plaintiff cannot establish the second element stated above, that the resolution of the case before the enjoining court must be dispositive of the action to be enjoined.   Id.

### IV.

Further, the relief requested by Plaintiff TI Group Automotive Systems, LLC cannot be provided by the Court because Texas law holds that a court should not decree future contractual performance by requiring a party to perform a continuous series of acts, extending through a long period of time, over which the court exercises its supervision. Cytogenix, Inc. v. Waldroff, 213 S.W.3d 479, 487–88 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).   Instead, absent a significant public interest, parties to a private contract are left to their remedies at law. Id.

In the instant case, this Court is requested to order a continuous series of future acts by Luis Alvarado, forcing Luis Alvarado to go to Mexico, file dismissal documents or appear in court, and dismiss his pending Mexican labor lawsuit.  The ordered actions by Luis Alvarado will extend through a long period of time since the judgment in this lawsuit must first become final, Luis Alvarado must draft, prepare and file dismissal documents with the Mexican court system, request a hearing with the Mexican Court system and urge the Mexican court to execute a dismissal order or decree.  It must be emphasized that Luis Alvarado has no control over the Mexican Court's timing regarding when a dismissal order will be signed nor over the Mexican Court's ultimate decision upon whether to dismiss his labor lawsuit.  In any event, the requested relief will require this court's constant supervision over the steps and actions described above.

Thus, Texas law does not authorize this Court to grant the relief requested by Plaintiff.  Id. Instead, Plaintiff and Defendant, the parties to the SRIW contract should be left to their remedies at law. Id.

## V.

Moreover, assuming that this Court grants the relief requested by Plaintiff, what if the Mexican Labor Court decides not to accept a dismissal of Luis Alvarado's Mexican labor lawsuit? Then Luis Alvarado would be in jeopardy of contempt with this Court's judgment by no fault of his own.

There is a real threat that a Mexican Court would not acknowledge the SRIW's waiver provisions and a U.S. judgment enforcing such a contractual waiver via specific performance. This is because under Mexican law, employees' statutory labor rights are non-waivable. Ley Federal del Trabajo [L.F.T.] [Federal Labor Law], art. 33, Diario Oficial de la Federación [D.O.F.], 1 de abril de 1970 (Méx.), as amended; Constitución Política de los Estados Unidos Mexicanos [C.P.], art. 123 (Mex.).   Article 33 of the Mexican Federal Labor Law (Ley Federal del Trabajo) provides that "any waiver by workers of accrued wages, severance and other benefits arising from services rendered is null and void, regardless of the form or name given to such waiver." Id.

Alternatively, what happens if the Mexican labor court dismisses the labor claims between Plaintiff and Defendant but continues with the remaining claims against the other defendants listed above?  The outcomes are unclear.

As a result, Luis Alvarado should not be subject to any contempt enforcement when the ultimate outcome of the dismissal of his Mexican labor claims depend upon a Mexican judge over whom Luis Alvarado has no control and the Mexican law does not recognize contractual waivers of Mexican labor rights. Id.

7

WHEREFORE PREMISES CONSIDERED, Defendant Luis Alvarado prays that the court deny Plaintiff TI Group Automotive Systems, LLC's requests for a judgment granting specific performance and enforcing any such judgment by contempt and for all such other and further relief Defendant Luis Alvarado may be justly entitled.

Respectfully submitted,

**ESCOBAR LAW FIRM, PLLC**

*/s/ Carlos Escobar*
Carlos Escobar
Fed ID.  25649
100 S. Bicentennial Blvd.
McAllen, Texas 78501
Telephone: 956- 631-3384
carlos@escobarlawfirm.com

***Attorney for Defendant Luis Enrique Alvarado***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on known electronic filing users listed below via the automatic electronic filing notice system and by facsimile on March 9, 2026.  There are no parties to the instant action that are not electronic filing users.

Jeffrey A. Hiller
Cacheaux, Cavazos & Newton, LLP
333 Convent Street
San Antonio, Texas 78205
***Attorney for Plaintiff***

*/s/ Carlos Escobar*
Carlos Escobar

8