IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

TI GROUP AUTOMOTIVE          §
SYSTEMS, LLC                 §
                             §      CIVIL ACTION NO. 7:24-CV-00141
                             §
VS.                          §
                             §
LUIS E ALVARADO              §

**DEFENDANT LUIS ALVARADO'S**
**MOTION TO CLARIFY COURT'S JUDGMENT AND MOTION TO STAY**
**ENFORCEMENT OF JUDGMENT**

NOW COMES Defendant Luis E. Alvarado and files this his Motion to Clarify Court's Judgment and Motion to Stay Enforcement of Judgment and would show unto the Court as follows:

**I.**

Defendant Luis Alvarado respectfully requests that the court:

(1) clarify its March 24, 2026 Judgment to state whether the Judgment is an injunction as contemplated by Federal Rule of Civil Procedure 62 and

(2) stay the enforcement of the judgment pending the resolution of post judgment motions and the appeal of the Court's judgment.

**II.**

The Court entered judgment in this action on March 24, 2026. See ECF 85. The Court's Judgment states,

"It is therefore ORDERED that **Defendant shall immediately comply** with the Agreement and dismiss or cause to be dismissed or withdrawn the Mexico Labor case he filed against Defendant and all other parties under labor Case No. 576/5/2019 filed in the Special State Labor Board No. 5 located in Reynosa, Tamaulipas, Mexico.

IT IS FURTHER ORDERED that should Defendant fail to comply with this judgment and dismiss the Mexico labor case within a reasonable time, the Court may issue further orders against Defendant to secure compliance with this judgment." See ECF 85.

## III.

## FED. R. CIV. PRO. 62

Federal Rule of Civil Procedure 62 states in pertinent part,

*a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it **are stayed for 30 days** after its entry, unless the court orders otherwise.*

*(b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.*

*(c) Stay of an Injunction, Receivership, or Patent Accounting Order. Unless the court orders otherwise, the following **are not stayed** after being entered, even if an appeal is taken:*

*(1) an interlocutory or **final judgment in an action for an injunction** or receivership; or*

*(2) a judgment or order that directs an accounting in an action for patent infringement.*

*(d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.*

## VI.

In the instant case and based upon the clear language in the Court's Judgment cited above, Defendant Alvarado believes the Court's Judgment constitutes a mandatory injunction. However, the Court's judgment does not state that it is an injunction. EFC 85.

A mandatory injunction requires a party to take affirmative action. <u>Tom Doherty Assocs.,</u> <u>Inc. v. Saban Ent., Inc.</u>, 60 F.3d 27, 34 (2d Cir. 1995); <u>Meghrig v. KFC W., Inc.</u>, 516 U.S. 479, 484 (1996); <u>Garcia v. Google, Inc.</u>, 786 F.3d 733, 740 (9th Cir. 2015).

There is no question that the Court's March 24, 2026 Judgment requires Defendant Luis Alvarado to take affirmative action and should constitute a mandatory injunction.  ECF 85.  If this is so, there is no 30-day automatic stay under Rule 62.  "Unless the court orders otherwise, the following **<u>are not stayed after being entered</u>**, even if an appeal is taken: (1) an interlocutory or **<u>final judgment in an action for an injunction</u>** or receivership".  Fed. R. Civ. Pro. 62(c).

However, if the Court's Judgment is not an injunction, but rather grants specific performance, then Rule 62 will stay the effect of the Judgement for 30 days. Fed. R. Civ. Pro. 62(a).

Defendant Luis Alvarado requests that the Court clarify its Judgment and state whether it is an injunction as contemplated by Fed. R. Civ. Pro. 62.

## V.

### Plaintiff is Unopposed to a 30-Day Stay of Judgment

With respect to the stay, Defendant Luis Alvarado has conferred with Plaintiff TI Group and Plaintiff is not opposed to a stay of the trial court's March 24, 2026 Judgment limited to 30 days from the date of judgment.

## VI.

### Stay After 30 Days From Judgment

Defendant Luis Alvarado further respectfully requests that the Court stay the enforcement of the Court's March 24, 2026, judgment after 30 days from judgment has expired and pending the

resolution of Defendant's post judgment motions (which are forthcoming) and, if necessary, pending the appeal of the Court's judgment.

Defendant intends to file a Brief in Support of this Motion to provide the court with the specific legal analysis regarding why Defendant Alvarado should be entitled to a stay.

Defendant cannot submit his brief in support at this time since the undersigned counsel is occupied preparing for a jury trial on March 30, 2026; Arteaga vs Rio Home Care, LLC et al; In the 398th District Court, Hidalgo County Texas and a bench trial set on April 8, 2026; Fidelity National Title Insurance Company vs Adolfo Alvarez; In the 404th District Court Cameron County, Texas.

WHEREFORE PREMISES CONSIDERED, Defendant Luis Alvarado prays that the court grant this motion and (1) clarify its March 24, 2026 Judgment to state whether the Judgment is an injunction as contemplated by Federal Rule of Civil Procedure 62 and (2) stay the enforcement of the judgment pending the resolution of post judgment motions and the appeal of the Court's judgment and for all such other relief to which Defendant Luis Alvarado may be justly entitled.

Respectfully submitted,

By:     */s/ Carlos Escobar*
Carlos Escobar
State Bar No.  24025351
Fed. ID No.: 25649
100 S. Bicentennial Blvd.
McAllen, Texas 78501
(956) 631-3384 – Tel.
carlos@escobarlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on known electronic filing users listed below via the automatic electronic filing notice system on March 26, 2026.  There are no parties to the instant action that are not electronic filing users.

Jeffrey A. Hiller
Cacheaux, Cavazos & Newton, LLP
333 Convent Street
San Antonio, Texas 78205
***Attorney for Plaintiff***

/s/ Carlos Escobar
Carlos Escobar