IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TI GROUP AUTOMOTIVE SYSTEMS, LLC | § § § | |
| | § | CIVIL ACTION NO. 7:24-CV-00141 |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| LUIS ENRIQUE ALVARADO | § | |

**PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS OF COURT**

Plaintiff TI Group Automotive Systems, LLC files this Application for Attorney's Fees, and Costs of Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and respectfully shows the Court as follows:

**INTRODUCTION**

1.      Per the Court's judgment dated March 24, 2026, Plaintiff requests it be awarded recovery from Defendant the sum of $268,526.50 in reasonable attorney's fees and costs, which are set forth in detail below, and in the Declaration of Jeffrey Hiller (Ex. A) as well as the time billing records attached hereto (Ex. A-1).  Plaintiff further requests that it recover from Defendant Luis E. Alvarado the sum of $6,869.40 in taxable costs of court, as set forth in detail below and in the attached Bill of Costs (Ex. B).  Pursuant to 28 U.S.C. § 1961, Plaintiff is entitled to post-judgment interest on all sums awarded at the applicable statutory rate; therefore, Plaintiff request that they be awarded post-judgment interest on the fees, costs, and expenses, and in the judgment at the rate of 6.75% per annum, compounded annually, from the date of the court's judgment until paid.

2.      A prevailing party may recover "all reasonably incurred attorney fees, even though the party did not prevail on all claims, as to defendants, or as to all issues in a matter." *Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, 1999 WL 1131554, at \*5 (5th Cir. 1999) (emphasis added) (citing cases); *accord OCA Greater Houston v. Tex.*, 2018 WL 6201955, at \*2 (W.D. Tex. Nov. 28, 2018); *see Frew v. Smith*, 2020 WL 1695429, at \*6 (E.D. Tex. Apr. 7, 2020) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [its] attorney's fee reduced simply because the district court did not adopt each contention raised."); *accord United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 2008 WL 11452466, at \*2 (S.D. Tex. Apr. 22, 2008), aff'd, 575 F.3d 458 (5th Cir. 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)).

3.      To determine a reasonable fee, the court calculates the lodestar "equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Jimenez v. Wood Cty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010), on reh'g en banc, 660 F.3d 841 (5th Cir. 2011)).  Once the lodestar is calculated, the court may adjust it based on the Johnson factors; however, a "strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional cases." *Ramos v. HT Elecs., LLC*, 2018 WL 6040257, at \*5 (W.D. Tex. Nov. 19, 2018), *report adopted*, 2019 WL 1313458 (W.D. Tex. Jan. 29, 2019) (citing *Payne v. Univ. of S. Miss.*, 681 Fed. Appx. 384, 390 (5th Cir. 2017)); *accord Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  Four *Johnson* factors are presumably subsumed in the lodestar: "the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Serna v. Law Office of Joseph*

*Onwuteaka, P.C.*, 2014 WL 3749652, at *4 (S.D. Tex. July 29, 2014), *aff'd*, 614 Fed. Appx. 146 (5th Cir. 2015) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)); *see Walker*, 99 F.3d at 771-72 ("The Supreme Court has limited greatly the use of the second, third, eighth, and ninth [Johnson] factors . . . .") (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 936 (5th Cir. 1990), vacated in part on reh'g, 903 F.2d 352 (5th Cir. 1990)).

4.      Plaintiff prevailed in the above-captioned action, as well as under Section 38.001, because it obtained in this Court a judgment against Defendant Alvarado for his breach of the SRIW and underlying agreements.  *Coffel*, 284 F.3d at 640; TEX. CIV. PRAC. & REM. CODE § 38.001.  Plaintiff should be awarded recovery from Defendant of its reasonable attorney's fees in the amount of $272,201.50.

5.      Significant attorney time and fees have been incurred in Mexico relating to Defendant's Mexico labor case, including attending hearings.  That sum, however, is being segregated out from the seeking of attorney's fees incurred in this case.  The reasonable attorney's fees in the amount of $268,526.50 that have been incurred by Plaintiff in this action through March 31, 2026 are summarized as follows:

## 2023

| Timekeeper | Total Hours | Rate | Billed |
|---|---|---|---|
| JAH - Jeff Hiller | 33 | $450.00 | $14,850.00 |
| | **33** | | **$14,850.00** |

## 2024

| Timekeeper | Total Hours | Rate | Billed |
|---|---|---|---|
| JAH - Jeff Hiller | 189 | $480.00 | $90,720.00 |
| NC - Natalie Ceron | 0.4 | $385.00 | $154.00 |
| | **189.4** | | **$90,874.00** |

3

## 2025

| Timekeeper | Total Hours | Rate | Billed |
|---|---|---|---|
| JAH - Jeff Hiller | 228.7 | $495.00 | $113,206.50 |
| MAS - Marissa Sandoval | 17.7 | $415.00 | $7,345.50 |
| NC - Natalie Ceron | 2.5 | $395.00 | $987.50 |
| | 248.9 | | $121,539.50 |

## 2026

| Timekeeper | Total Hours | Rate | Billed |
|---|---|---|---|
| JAH - Jeff Hiller | 73.3 | $525.00 | $38,482.50 |
| NC - Natalie Ceron | 6.7 | $415.00 | $2,780.50 |
| | 80 | | $41,263.00 |

**Total Billed:    $268,526.50**

(Ex. A); *see* Time Billing Records (attached hereto as Ex. A-1). In addition to the foregoing, Mr. Hiller testifies that Plaintiff has incurred additional attorney's fees in this action in the amount of $2,100.00 for preparing of this Application with supporting exhibits. (Ex. A).

Based on his background and experience, and substantiated by his knowledge of this action as counsel for Plaintiff and his review of the attached time billing records detailing the services rendered and the hours attributable to such services, Mr. Hiller testifies in his Declaration that the foregoing hourly rates charged are usual and customary for similar work in McAllen, Hidalgo County, Texas, and that the foregoing resulting attorney's fees incurred are reasonable for the services necessarily rendered to Plaintiff in this action, after analyzing and taking into consideration the factors in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989), and Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct. (Ex. A). For all of these reasons, Plaintiff respectfully requests that the Court award Plaintiff recovery from Defendant of its reasonable attorney's fees in the total amount of $272,201.50 through the filing and consideration of this

4

application, plus an additional sum of $5,250.00 if Defendant files a post-judgment motion and an additional sum of $48,000.00 if Defendant appeals this Court's judgment to the U.S. Court of Appeals for the Fifth Circuit.

Plaintiff should also be awarded recovery from Defendant its taxable costs of court in the amount of $6,869.40. (Ex. B; Bill of Costs).

WHEREFORE, Plaintiff TI Group Automotive Systems, LLC respectfully requests that the Court award Plaintiff recovery from Defendant, Luis E. Alvarado, of its reasonable attorney's fees of $272,201.50, plus $5,250.00 if Defendant files a post judgment motion, plus $48,000.00 if Defendant files an appeal, plus taxable costs of court in the total amount of $6,869.40; that the Court award Plaintiff post-judgment interest on these amounts at the applicable statutory rate of 6.75% per annum, compounded annually, from the date of the Court's ruling; and further that the Court grant Plaintiff such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

By:   /s/ *Jeffrey Hiller*
JEFFREY A. HILLER
State Bar No. 00790883
S.D. Tex. No. 23334
jhiller@ccn-law.com
ATTORNEY IN CHARGE FOR PLAINTIFF
Of Counsel: CACHEAUX, CAVAZOS & NEWTON, L.L.P.
333 Convent Street
San Antonio, Texas 78205
Telephone:  210/244-0202
Facsimile:  210/222-2453

5

**CERTIFICATE OF CONFERENCE**

On April 6, 2026, counsel for Plaintiff attempted to confer with counsel for Defendant via email with regard to this motion.  Counsel for Plaintiff has not received any response so Plaintiff has proceeded with the filing of this Application.


/s/ Jeffrey Hiller
Jeffrey Hiller

**CERTIFICATE OF SERVICE**

On April 7, 2026 a copy of the foregoing motion was served by via the ECF/CM system to all counsel of record as indicated below:

Carlos Escobar
Escobar Law Firm, PLLC
1000 S. Bicentennial Blvd.
McAllen, Texas 78501
carlos@escobarlawfirm.com


/s/ Jeffrey Hiller
Jeffrey Hiller